# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**LAURA R. GUBERT,**

            **Plaintiff,**

**-vs-**                                **Case No. 6:13-cv-664-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

            **Defendant.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE PURSUANT TO 42 U.S.C. 406(B) (Doc. No. 26)**
>
> **FILED:** June 9, 2015
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

At issue in the instant motion is the amount of attorney's fees to be awarded under 42 U.S.C. § 406(b), following an ultimately favorable decision on Plaintiff's claim for Social Security disability benefits. Plaintiff's initial application for benefits was denied at the administrative level and Plaintiff retained attorney Shea Fugate to represent her in her appeal to this Court. Following briefing by Plaintiff, the Commissioner moved to remand and the Court granted the motion, reversed the administrative decision and remanded the case to the Commissioner for additional proceedings.

Plaintiff represents that she was successful before the agency on remand, and was ultimately awarded benefits. The instant motion seeks an award of attorney's fees. No opposition brief has been filed.

To the extent Plaintiff is seeking an attorney's fee award, there are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The Fifth Circuit has held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant." *Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Thus, in this circuit,[1] the total fee under

---

[1] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. *See Bookman v. Commissioner of Social Security,* 490 Fed. Appx. 314 (11th Cir. 2012).

By contrast, the EAJA permits a *claimant* to seek an award of fees against *the government* for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note. *See also Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

As the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits and "double dipping" under the EAJA is not allowed, the Court needs to know the amount awarded under § 406(a), if any, amounts paid under EAJA, if any, and the total amount of past due benefits calculated by the agency, in order to evaluate the § 406(b) motion.

Petitioner attaches a Notice of Award, which indicates that Plaintiff was awarded $127,517.00 in past due benefits and the agency withheld twenty-five percent of that amount ($31,879.25). Petitioner avers that another counsel was compensated under §406(a) in the amount of $6,000.00 and Ms. Fugate received an EAJA award of $4,810.84. Thus, Petitioner calculates her fee as $31,879.25 (25% withheld) minus $6,000.00 (§406(a) fee), minus $4,810.84 (EAJA award) equals $21,068.41. Petitioner requests that she be awarded $21,068.41 in attorney fees pursuant to 42 U.S.C. 406(b) for the 26.2 hours of time spent before this court. Upon review, the motion is **granted.**

Petitioner has chosen to deduct the amount of the EAJA fee from her request and the request does not exceed the 25% fee cap. Petitioner contends that the amount of the fee requested is reasonable under §406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 70 U.S.L.W. 4477 (2002). As the undersigned noted in *Whalen v. Commissioner of Social Sec.*, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Case No. 6:10cv865–Orl–22DAB, 2012 WL 2798486, *2 (M.D. Fla. 2012) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir.1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells*, 907 F.2d at 372; *McGuire*, 873 F.2d at 981; *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

Although the hourly fee is generous, the Court nonetheless finds the amount to be reasonable under the principles of *Gisbrecht*.   While the award amounts to a handsome hourly rate, the fee is not a windfall and is consistent with that agreed to by Plaintiff and uncontested by the Commissioner. Moreover, the ultimate result for Plaintiff is considerable.

Therefor, the Motion is **GRANTED**, and counsel is authorized to charge her client $21,068.41, consistent with the fee agreement and the findings herein.

**DONE** and **ORDERED** in Orlando, Florida on July 9, 2015.

                                                                                        _____
                                                                                        DAVID A. BAKER
                                                                                        UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties